[L. A. No. 22761. In Bank. Feb. 29, 1960.]

THE SANTA BARBARA COUNTY WATER AGENCY, Respondent, v. ALL PERSONS AND PARTIES etc., Defendants; MAURICE A. BALAAM et al., Appellants.

Sherman Anderson, William P. Butcher, Brobeck, Phleger & Harrison, Herman Phleger, Alvin J. Rockwell and John M. Naff, Jr., for Appellants.

Vern B. Thomas, District Attorney (Santa Barbara), Francis Price and Lilian M. Fish for Respondent.

J. Lee Rankin, Solicitor General of the United States, Perry W. Morton, Assistant Attorney General, David R. Warner and Roger P. Marquis, Attorneys, Department of Justice,† Edmund G. Brown and Stanley Mosk, Attorneys General, B. Abbott Goldberg, Assistant Attorney General, Adolphus Moskovitz, Deputy Attorney General, Price, Postel & Parma and McCormick, Moock & McCormick as Amici Curiae on behalf of Respondent.

PETERS, J.—The background facts of this case, and the basic contentions of the parties, are fully and correctly set forth in the prior opinion of this court in this case (*Santa Barbara etc. Agency* v. *All Persons*, 47 Cal.2d 699 [306 P.2d 875]) at pages 702 to 707. What was there said need not be repeated here. It is reaffirmed.

The trial court entered its judgment upholding the legality of the organization and existence of the agency, the city of Santa Barbara and the four county water districts, upholding

---

†Reporter's Note: The attorneys for the Federal Department of Justice participated in the trial court proceedings as Amici Curiae on behalf of the plaintiff district. They appeared in a similar capacity on appeal.

the legality of the execution of the six contracts involved, upholding the lawfulness of the six contracts, and declaring that the defendants had waived or were estopped from asserting the illegality or unconstitutionality of the agency and of the Santa Barbara County Agency Act ([1 Deering's Wat. Code Anno., 1954], Act 7303, Stats. 1945, p. 2780; amended by Stats. 1949, p. 18).

The defendants appealed. This court affirmed the judgment insofar as it declared the validity of the Santa Barbara Water Agency Act and the existence of the agency and its member units, but reversed the judgment insofar as it confirmed and declares valid the master contract and the five member unit contracts. This reversal was predicated on what the court had already said in *Ivanhoe Irr. Dist.* v. *All Parties,* 47 Cal.2d 597 [306 P.2d 824]. On certiorari to the United States Supreme Court that court reversed the judgment of the Supreme Court of California in this, and the other three cases here involved. Pursuant to the remand from the United States Supreme Court this court recalled the remittitur in this case, permitted all interested parties and amici curiae to brief the issues, and heard oral argument.

Insofar as the prior opinion of this court affirmed the judgment of the trial court, and passed on the several issues involved other than the validity of the contracts, review was not sought or given by the United States Supreme Court. What was said on these issues is the law of the case, is correct, and is reaffirmed, and need not be restated here.

As far as the issue of the validity of the master contract and the five member unit contracts is concerned the basic issue is substantially similar to that involved in the Ivanhoe and Madera cases this day decided (*ante,* p. 692 [3 Cal. Rptr. 317, 350 P.2d 69]). On authority of and for the reasons given in that opinion it must be held that the master contract and the five member contracts are valid and lawful, and the trial judgment so declaring was correct.

A few basic facts should be mentioned.

The Santa Barbara County Water Agency Act (Stats. 1945, ch. 1501, pp. 2780-2801) creates the Santa Barbara County Water Agency as a body politic and corporate, with the power to enter contracts with "member units" for the disposition of water (*Id.,* §§ 5, 5.1(3), pp. 2784-2785). The agency is also given the power to contract with the United States for water supply (*Id.,* § 6, p. 2787). "Member units"

of the agency are those county water districts and other public bodies within the boundaries of Santa Barbara County (such as the city of Santa Barbara) which contract with the agency for the supply of water.

Pursuant to the power granted to it in the above act, the Santa Barbara County Water Agency entered into a so-called master contract with the United States for the supply of water to the agency and to its member units. Concurrently, the agency entered into contracts for the supply of water by it to the member units. All the member-unit contracts contain cross-references to the master contract, with the result that the member units are obliged to deliver water to landowners within their respective districts in conformity with the limitations prescribed by federal law. The contracts call for the delivery of water at a stipulated price. Unlike the Ivanhoe and Madera cases they do not involve the construction of distribution systems by the federal government. (See 47 Cal.2d at 706.) The master contract envisages a supply of water by the federal government to the agency "for irrigation, municipal, domestic, industrial and other uses." The suit below was for confirmation of the master contract between the United States and the agency, and the five member-unit contracts between the agency and member units.

The master contract, between the agency and the United States, was never submitted for approval at an election because such approval was not required under the Santa Barbara Water Agency Act. The other contracts were submitted to the elective process. Although section 6.1 does not require an election, in fact the persons specifically affected by these contracts did voice their approval of them at elections. On September 26, 1949, the Board of Directors of the Carpinteria County Water District, one of the member units, adopted an ordinance calling for a special election for submission to the voters of an ordinance which would authorize the district to enter a contract with the Santa Barbara County Water Agency. The trial court found that: "Notice of said special election was thereafter given in all respects for the time and in the manner prescribed by the laws of the State of California . . . and said notices . . . contained and set forth a full, true and correct copy of the ordinance submitted to said qualified electors of said Carpinteria County Water District, and a full, true and correct copy of said last-mentioned contract referred to in the proposition to be

submitted to said qualified electors, . . ." The voters approved the ordinance and the contract by a vote of 738 to 197.

Precisely the same procedure was followed by the Goleta County Water District. The proposition was approved by a vote of 1,642 to 132. The same procedure was followed by the Montecito County Water District. The electors approved the contract by a vote of 1,294 to 196. The same procedure was followed by the Summerland County Water District, wherein the contract was approved by a vote of 146-31. The electors of the city of Santa Barbara were given the identical opportunity to voice their opinion on the contract, and approved of it by a vote of 11,405 to 3,680.

Each member-unit contract was incorporated by reference and had attached the "master contract" between the agency and the United States. The voters within each of the affected areas were therefore fully informed of what they were voting for, especially since a copy of the member-unit contract was made a part of the notice of election. No defect which affects the substantial rights of the parties has been cited. (Wat. Code, § 22678.) Unlike the Ivanhoe and Madera cases no real contention has been made in this case that the Santa Barbara elections were invalid. At most, the defendants in that action denied the validity of the election in their answer but did not argue or brief the issue. The trial court found that the elections were valid, and no serious contention has been made spelling out any alleged facts which show the elections were invalid.

It appears beyond doubt, that if elections were required at all (as to which there is some doubt because of the provisions of the Santa Barbara County Water Agency Act, § 6.1 (Stats. 1945, ch. 1501)) elections were held, at which the contracts were approved overwhelmingly. Further, there can be no question of the sufficiency of the notice of election, since all the contracts involved as to each "member-unit" were incorporated by reference into that notice. The voters therefore were fully apprised of what they were voting for.

For the foregoing reasons the judgment should be affirmed. It is so ordered.

Gibson, C. J., Traynor, J,. and White, J., concurred.

Schauer, J., Spence, J., and McComb, J., concurred in the judgment.